Timothy M. Bechtold
**BECHTOLD LAW FIRM, PLLC**
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Kristine M. Akland
**AKLAND LAW FIRM, PLLC**
PO Box 7274
Missoula, MT 59807
406-544-9863
aklandlawfirm@gmail.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiff, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | CV- <br><br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## I.     NATURE OF ACTION

1.     On October 19, 2010, the United States Fish and Wildlife Service posted the "Endangered and Threatened Wildlife and Plants; Revised Designation of Critical Habitat for Bull Trout in the Coterminous United States: Final Rule" in the *Federal Register* ("Final Rule"). 75 Fed. Reg. 63898 (October 19, 2010). The Final Rule designated bull trout critical habitat in certain portions of rivers across Montana, Idaho, Oregon and Washington.

2. Section 7 of the Endangered Species Act requires any federal agency, including the Environmental Protection Agency ("EPA" or "Defendant"), to consult with the Fish and Wildlife Service (FWS) to ensure its actions will not result in the destruction or adverse modification of bull trout critical habitat. 16 U.S.C. § 1536(a).

3. The EPA has authorized, funded and/or carried out remedial operations currently being implemented in the Silver Bow Creek Butte Area Superfund Site (SBCBA) in Silver Bow County, Montana. The EPA is in violation of the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, because it has failed to initiate and complete consultation regarding the effects of the remedial operations on designated bull trout critical habitat.

4. Defendant issued Records of Decisions for seven Operable Units within the SBCBA prior to 2010 but has not initiated or completed consultation for bull trout critical habitat for any of the Operable Units.

5. Defendant has failed to protect and prevent adverse modification of certain rivers and streams designated as bull trout critical habitat.

6. The purpose of reinitiating and completing consultation is to ensure that SBCBA Operable Units in critical habitat and affecting critical habitat will not result in the destruction or adverse modification of designated critical habitat.

7. This action seeks judicial relief ordering the Defendant to comply with the requirements of the ESA. Plaintiff requests the Court require the Defendant to complete consultation for the SBCBA Operable Units as required by the ESA to ensure that the actions within the Operable Units do not destroy or adversely modify bull trout critical habitat.

8. Plaintiff seeks a declaratory judgment, an award of costs and expenses of suit, including attorney and expert witness fees pursuant to the Endangered Species Act, 16 U.S.C. § 1540(g)(4), and such other relief as this Court deems just and proper.

## II. JURISDICTION

9. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States and involves the United States as a defendant.

10. Plaintiff sent a Notice of Intent to Sue pursuant to the ESA to the Environmental Protection Agency on January 25, 2016. Thus, Plaintiff has complied with the 60-day notice requirement for claims under the ESA and this Court has jurisdiction to review Plaintiff's ESA claims.

## III. VENUE

11. Venue is proper in this Court under 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## IV. PARTIES

12. Plaintiff Alliance for the Wild Rockies (the "Alliance") is a tax-exempt, non-profit public interest organization dedicated to the protection and preservation of the native biodiversity of the northern Rockies bio-region; its native plant, fish, and animal life; and its naturally functioning ecosystems. Its registered office is located in Missoula, Montana. The Alliance has over 2,000 individual members, many of whom are located in Montana. The Alliance brings this action on its own behalf and on behalf of its adversely affected members.

13. Defendant Environmental Protection Agency is an administrative agency of the Federal Government and is responsible for protecting human health and the environment by writing and enforcing regulation and administering the Superfund program.

## V. STATEMENT OF STANDING

14. The interests at stake in this matter are germane to Alliance's organizational purposes. Defendant's failure to reinitiate and complete consultation pursuant to the ESA threatens the preservation of the native biodiversity of the Upper Clark Fork River, Blackfoot River and the headwaters and confluence of Warm Springs Creek, including their native fish life and their naturally functioning ecosystems. The failure to reinitiate and complete consultation also threatens the conservation of fisheries resources on lands of the Operable Units.

15. Alliance and its members observe, enjoy, and appreciate native wildlife, water quality, and aquatic habitat quality of Upper Clark Fork River, Blackfoot River and the headwaters and confluence of Warm Springs Creek, and expect to continue to do so in the future. Members use and enjoy the waters and natural resources throughout areas affected by Defendant's actions for work, recreational, scientific, spiritual, educational, aesthetic, and other purposes.  Alliance's members enjoy fishing, hiking, camping, bird watching, study, contemplation, photography, and other activities in and around the waters and lands affected by Defendant's actions.  Alliance and its members also participate in information gathering and dissemination, education and public outreach, commenting upon proposed agency actions, and other activities relating to Defendant's management and administration of these public areas.

16. Defendant's unlawful actions adversely affect Alliance's organizational interests, as well as its members' use and enjoyment of areas impacted by Defendant's actions.  The interests of the Alliance and their members have been and will continue to be injured and harmed by Defendant's actions and/or inactions as complained of herein, including Defendant's failure to reinitiate and complete consultation as required by the ESA.  These decisions are particularly and directly harmful in that Defendant has failed to perform its duty to ensure through consultation that

the remediation within the Operable Units will not likely jeopardize the continued existence of bull trout or result in the destruction or adverse modification of bull trout critical habitat. Unless the relief prayed for here is granted, Alliance and its members will continue to suffer ongoing and irreparable harm and injury to their interests.

17. The injuries to Alliance and its members are likely to be redressed by a favorable decision of this Court because Alliance is seeking an order declaring that the Defendant has violated the ESA and requiring that the Defendant reinitiate and complete consultation under the ESA. That would, in turn, ensure that remediation within the Operable Units would not result in the adverse modification of bull trout critical habitat.

### VI.     FACTUAL ALLEGATIONS

18. Defendant EPA has authorized, funded, and/or carried out the remediation of Silver Bow Creek Butte Area Superfund Site. The Superfund program allows for the designation of areas within the site as "operable units." For the SBCBS site, there are seven active operable units: Warms Springs Pond Active Area, Warm Springs Ponds Inactive Area, Streamside Tailings, Rocker Timber Framing and Treatment Plan, Butte Priority Soils, Mind Flooding/Berkeley Pit, and West Side Soils.

19. Bull trout are currently listed as a threatened species under the ESA. The Final Rule designated a total of 19,729 miles of streams and 488,251.7 acres of reservoirs and lakes in Washington, Oregon, Nevada, Idaho and Montana as bull trout critical habitat. The designation includes the Upper Clark Fork River, specifically from the confluence of the Blackfoot River upstream approximately 207.3 km to its confluence with Warm Springs Creek and the headwaters of Warm Springs Creek.

20. All seven Operable Units are either within bull trout critical habitat, upstream, or within the flood plain of bull trout critical habitat.

21. Following the designation of bull trout critical habitat in 2010, Defendant failed to reinitiate and complete ESA consultation for the Operable Units.

## CLAIM FOR RELIEF

## VIOLATION OF THE ENDANGERED SPECIES ACT

22. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint.

23. To ensure that there is no adverse modification of bull trout critical habitat, the ESA requires federal agencies to consult with the appropriate federal agency on actions that may affect a listed species or its critical habitat. 16 U.S.C. § 1536 (a)(2), 50 C.F.R. § 402.14.

24. Bull trout critical habitat may be affected by Defendant's actions as denoted above. Defendant must initiate and complete consultation pursuant to 50 C.F.R. § 402.16 based on the October 19, 2010 bull trout critical habitat designation. Defendant must also reinitiate and complete consultation pursuant to 50 C.F.R. § 402.16 because the 2010 bull trout critical habitat designation reveals effects of the Operable Units that may affect bull trout critical habitat in a manner or to an extent not previously considered.

25. The Defendant's decision to continue to authorize, fund and/or carry out the remediation in the Operable Units delineated above violates the ESA because the EPA did not reinitiate and complete ESA consultation on the 2010 bull trout critical habitat designation. Defendant is violating ESA § 7(d) and its implementing regulations 36 C.F.R. § 219, *et seq.*, by its failure to reinitiate and complete consultation with the United States Fish and Wildlife Service while continuing the actions within the Operable Units as delineated above. The Defendant cannot ensure that the continued operations in SBCBA not likely to result in the destruction or adverse modification of bull trout critical habitat.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

A. Order, declare, and adjudge that Defendant has violated the Endangered Species Act as set forth above;

B. Order Defendant to reinitiate and complete consultation under the ESA as described above;

C. Award Alliance its costs, litigation expenses, expert witness fees, and reasonable attorneys' fees associated with this litigation pursuant to the Endangered Species Act and all other applicable authorities; and

D. Grant Alliance any such further relief as may be just, proper, and equitable.

Respectfully submitted this 16th day of May, 2017.

/s/ *Kristine M. Akland*
Kristine M. Akland
Akland Law Firm, PLLC

Timothy M. Bechtold
Bechtold Law Firm, PLLC

Attorneys for Plaintiff